James Luther **TATUM**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 20271.

United States Court of Appeals
Ninth Circuit.

Dec. 30, 1966.

Rehearing Denied Feb. 10, 1967.

Samuel B. Francovich, Melvin Edward Schaengold, Reno, Nev., for appellant.

Joseph L. Ward, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and DUNIWAY and ELY, Circuit Judges.

MADDEN, Judge:

The appellant, hereinafter designated as the defendant, was convicted in the United States District Court for the District of Nevada, of violating Section 471 of Title 18, United States Code (counterfeiting). Several alleged errors in the

trial of the case are specified by the defendant in this appeal. The only alleged error which we regard as presenting a problem worthy of discussion is the one concerning the sufficiency of the evidence to support the jury's finding that the defendant was guilty of the specific offense charged in the indictment. The indictment charged that the defendant "did falsely make, forge and counterfeit an obligation and security of the United States, that is, a Federal Reserve note in the sum of $100.00." At the trial the Government introduced in evidence a counterfeit $100 note as the note which the defendant was charged with manufacturing.

The jury could, from the evidence presented, have believed that the following events occurred. The defendant, a resident of Las Vegas, Nevada, stole a printing press and some accessory items from an office in Fresno, California. He transported those objects to his apartment in Las Vegas, and later to the drapery shop of his sister in Las Vegas, where the press was installed in the back of the shop. He acquired inks of various colors, and paper suitable for the manufacture of paper money simulating United States paper money. On the night of December 30, 1964, he was operating the press for several hours, assisted by his sister. They had produced a considerable pile of printed sheets, each sheet having printed on it several copies of one counterfeited face of a United States $100 bill. The next night, December 31, the defendant and his sister were again similarly engaged in the operation of the press. Later that night the defendant's sister went to a night club in Las Vegas and presented a counterfeit $100 bill in payment for a drink. The bartender detected that the bill was counterfeit, so advised the sister, and turned the bill over to the police. That bill is the one which the defendant stands convicted of having manufactured. The defendant was not arrested until several days later, and in the meantime he had carried the rest of the counterfeit money which he had printed in the drapery shop out to some place along the highway, where he had buried it. The jury, to reach the verdict which it reached, must have believed the testimony that the defendant was manufacturing counterfeit $100 bills at the time and place shown in the testimony, and that his sister was engaged with him in the process. That being so, we think a rational jury could have believed, beyond a reasonable doubt, that the $100 bill presented by the defendant's sister, which bill is the subject of the indictment, was manufactured by him.

The judgment is affirmed.